QUESTION: Does a city ordinance which conflicts with a county ordinance adopted by a noncharter county take precedence over the county ordinance within the municipality, notwithstanding the fact that the city ordinance was enacted subsequent in time to the enactment of the county ordinance?
SUMMARY: The clear statement of Art. VIII, s. 1(f), State Const., that a noncharter county ordinance shall not be effective to the extent of any conflict with a municipal ordinance applies even if the municipal ordinance is passed subsequent to the county ordinance. Article VIII, s. 1(f), State Const., provides that a noncharter county . . . may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law, but an ordinance in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict. Attorney General Opinion 071-223 restates this: "[a] countywide ordinance . . . cannot, of course, be `effective' within a municipality to the extent that it conflicts with a municipal ordinance." A finding that a county ordinance would take precedence over a subsequently passed municipal ordinance could only be based on a theory that a municipality would lose authority in an area due solely to an act of the county. On its face, this theory is inconsistent with the subordinate status given county ordinances in Art. VIII, s. 1(f). The subordinate status of county authority is made clear by a reading of the constitutional grant of powers to municipalities. Municipalities may "exercise any power for municipal purposes except as otherwise provided by law." Article VIII, s. 2(b), State Const. In the Municipal Home Rule Powers Act, the legislature found this section to grant "any power for municipal purposes, except when expressly prohibited by law." Section 1, Ch. 73-129, Laws of Florida [s. 166.021(1), F.S.]. (Emphasis supplied.) Pursuant to this grant of power, municipalities may enact legislation concerning "any subject matter upon which the state legislature may act except . . . (c) [a]ny subject expressly preempted to state or county government by the constitution or by general law." Section 1, Ch. 73-129, Laws of Florida [s.166.021(3), F.S.]. Thus, a county cannot remove subjects from the dominion of municipalities merely by enacting ordinances concerning such subjects. The existence of a county ordinance covering a subject of overlapping authority does not preclude a municipality from legislating as to the same subject. Since the power to legislate remains, ordinances passed pursuant to that power must have the full force of law regardless of any preexisting county ordinance. In the event both the municipal ordinance and the county ordinance have the full force of law, Art. VIII, s. 1(f), supra, dictates that the latter shall cease to be effective within the municipality to the extent of any conflict.